Juan M. Tellado, demandante, apelado y apelante, *v.* The San Juan Fruit Company, demandada, apelante y apelada.

No. 6388.—*Sometido:* Febrero 8, 1933. *Resuelto:* Julio 24, 1935.

E. H. F. Dottin, abogado de la apelante apelada; *Ángel A. Vázquez,* abogado del apelado y apelante.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Juan M. Tellado demandó en la Corte de Distrito de San Juan a la corporación San Juan Fruit Company para que se declare nulo el procedimiento ejecutivo hipotecario que

siguió contra el demandante. La sentencia de la corte declaró nulo tal ejecutivo después de un juicio y la demandada interpuso esta apelación. También apeló el demandante en cuanto a ciertos particulares de la sentencia.

La demandada San Juan Fruit Company alegó en la corte inferior y sostiene en el primer motivo de su apelación que la demanda no aduce hechos determinantes de causa de acción.

De los hechos sustanciales de la demanda aparece que el 4 de agosto de 1926 la corporación San Juan Fruit Company presentó en la Corte de Distrito de San Juan escrito iniciando procedimiento ejecutivo hipotecario contra Roberto Quintero y su esposa para cobrarles $16,000 de capital, otra cantidad por intereses y $1,500 para gastos, costas y honorarios de abogado, cuyas cantidades garantizaron los demandados con hipoteca constituída sobre un solar con dos casas en el barrio de Santurce de esta ciudad, inscrita en el registro de la propiedad a favor de la corporación ejecutante. De la certificación del registrador acompañada con el ejecutivo aparecía la finca inscrita a favor de los esposos Quintero. El 4 de agosto de 1926 la corte ordenó que los demandados fueran requeridos de pago, y en efecto lo fueron. Los esposos Quintero habían vendido esa finca a Juan M. Tellado desde el 24 de febrero de 1926 pero la escritura de esa compra no fué inscrita en el registro de la propiedad a favor de Tellado hasta el 23 de agosto de 1926. El 17 de septiembre del mismo año la ejecutante presentó moción a la corte para que se tuviera como parte demandada en el procedimiento a Juan M. Tellado por ser el dueño actual de la finca y el día 22 siguiente ordenó la corte que quedara incluído como demandado el ahora demandante y que fuera requerido de pago de las cantidades reclamadas en dicho procedimiento, y Tellado fué requerido el 23 de septiembre de 1926. Por no haber pagado fué vendida la finca en subasta y adjudicada a la ejecutante, a cuyo favor fué inscrita en el registro de la propiedad.

Después de exponer la demanda esós hechos alega que el expresado procedimiento es nulo por los siguientes motivos: (*a*) porque cuando se dictó en 4 de agosto de 1926 el auto disponiendo el requerimiento de pago de los esposos Quintero estaba la corte en vacaciones: (*b*) porque la orden de septiembre disponiendo la inclusión de Tellado como demandado y su requerimiento para el pago fué dictada sin que con la moción se acompañara certificación del registrador de la propiedad creditiva de no estar cancelado el gravamen hipotecario ni hallarse pendiente de cancelación, ni certificación de la inscripción a favor de Tellado: (*c*) porque la ejecutante no adhirió a la resolución final de dicho asunto el sello de rentas internas que dispone la ley: (*d*) porque la sentencia de remate fué la consecuencia de dos autos de requerimiento de pago nulos y porque se ordenó pagar $1,500 para gastos, costas y honorarios de abogado sin haber sido presentado memorándum de costas: (*e*) porque el mandamiento de ejecución de sentencia fué el resultado de dos autos de requerimiento de pago nulos y de una sentencia de remate nula.

La demanda contiene después otras alegaciones respecto a lo que ha producido la finca desde que fué vendida a la ejecutante.

Las partes están conformes en que de acuerdo con el caso de *Banco de Puerto Rico* v. *Corte,* 11 D.P.R. 326, la orden de la corte inferior de 4 de agosto de 1926 disponiendo que los esposos Quintero fueran requeridos de pago es nula por haber sido dictada en vacaciones. Pero esto no determina que las demás actuaciones del ejecutivo sean nulas pues el procedimiento no continuó contra los esposos Quintero. Los primitivos demandados fueron substituídos por Tellado al inscribir éste su compra, después de algún tiempo de iniciado el procedimiento ejecutivo; y la orden de que pagara la deuda de la finca que compró estando hipotecada fué dictada en septiembre, cuando habían terminado las vacaciones de la corte según aceptan las partes. Según el artículo 129 de

la Ley Hipotecaria, si antes de que el acreedor haga efectivo su derecho sobre la finca hipotecada pasare ésta a manos de un tercer poseedor, se entenderán directamente con éste todas las diligencias prevenidas en el artículo anterior, como subrogado en la personalidad del deudor. Esto fué lo que se hizo en este caso, sin que fuera necesaria nueva certificación del registrador de no estar cancelada la hipoteca porque esto había sido acreditado al iniciarse el ejecutivo y porque sólo es requerida otra certificación por precepto del artículo 172 del reglamento de la Ley Hipotecaria cuando el procedimiento haya estado suspendido por más de seis meses: ni tampoco certificación de la inscripción a favor de Tellado porque éste no niega que existe.

El hecho de que en el ejecutivo hipotecario no se haya cancelado determinado sello de rentas internas como asunto *ex parte* no es de importancia, porque aparte de que tal procedimiento no es verdaderamente un asunto *ex parte* pues tiene parte demandada que puede alegar determinadas defensas, ya hemos resuelto en el caso de *Salas* v. *Baquero,* 47 D.P.R. 108, que una irregularidad de esa naturaleza no produce nulidad *per se*. En ese caso se alegaba ese defecto como motivo para que se anulase un procedimiento ejecutivo hipotecario, la corte de distrito declaró sin lugar la demanda y nosotros confirmamos esa sentencia.

La reclamación de $1,500 convenidos en el contrato de hipoteca para costas, gastos y honorarios de abogado no tiene que ser sometida a un memorándum de costas para su aprobación, según declaramos en el caso de *Arzuaga* v. *Corte,* 43 D.P.R. 1001, y en *Gutiérrez Vda. de Crosas* v. *Longpré,* 44 D.P.R. 667.

La excepción previa que adujo la demandada era procedente y debió ser declarada con lugar.

En vista de la conclusión a que hemos llegado no es necesario considerar la apelación del demandante Tellado.

*La sentencia apelada debe ser revocada y dictarse otra declarando sin lugar la demanda, sin especial condena de costas.*

El Juez Asociado Sr. Córdova Dávila no intervino.